IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASON ESPINOSA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07 C 231 |
| | ) |
| PHILIP MORRIS USA, INC., Et Al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Jason Espinoza's ("Espinoza") motion to remand. For the reasons stated below, we deny the motion to remand.

**BACKGROUND**

Espinoza alleges that Defendants manufacture and sell cigarettes containing nicotine. He claims that in a recent landmark action prosecuted against the major tobacco companies by the United States Government, it was discovered that tobacco companies such as Defendants, intentionally increased the "nicotine delivery and absorption of their cigarettes into the human body targeting cigarette brands, among others, of youth smokers, in order to make new smokers more easily addicted." (Compl. Par. 22). Espinoza contends that he started purchasing cigarettes in 1996

1

when he was fourteen years old and has purchased four to five packs of cigarettes per week. (Compl. Par. 25). Espinoza brought the instant action in Illinois state court on behalf of himself and a proposed class of cigarette users. Espinoza includes in his complaint a claim alleging a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Fraud Act"), 815 ILCS 505/1 *et seq.* (Count I), a breach of express warranty claim (Count II), a breach of implied warranty of merchantability claim (Count III), a breach of contract claim (Count IV), a fraudulent concealment claim (Count V), a negligence claim (Count VI), and a declaratory judgment claim (Count VII). Defendants subsequently removed the instant action to federal court pursuant to the Class Action Fairness Act ("CAFA"), which is codified in part at 28 U.S.C. § 1332(d). Espinoza now moves to remand this action to the state court.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1447, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . ." 28 U.S.C. § 1447(c). The party removing the case to federal court and thus "invoking federal jurisdiction bears the burden of demonstrating its existence. . . ." *Hart v. FedEx Ground Package Sys., Inc.*, 457 F.3d 675, 679 (7th

Cir. 2006)(stating that "[f]ederal courts are courts of limited jurisdiction" and that "'[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction'") (quoting in part *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375 (1994)).

## DISCUSSION

Espinoza contends that this court lacks diversity subject matter jurisdiction in this case because the amount in controversy does not exceed the CAFA threshold. CAFA provides in part that "[t]he district courts shall have original jurisdiction of any civil action in which" the plaintiff is seeking to pursue a class action, certain citizenship requirements are met, and "the matter in controversy *exceeds the sum or value of $5,000,000*, exclusive of interest and costs. . . ." 28 U.S.C. § 1332(d)(2)(emphasis added). Espinoza argues that the Defendants have failed to substantiate their contention that the aggregate amount in controversy in the instant action is greater than $5,000,000.

A removing party is required to "establish any disputed aspect of diversity jurisdiction by offering 'evidence which proves to a reasonable probability that jurisdiction exists.'" *Smith v. American General Life and Acc. Ins. Co., Inc.*, 337 F.3d 888, 892 (7th Cir. 2003)(quoting *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427 (7th Cir.1997)). The removing party meets this burden by proving the jurisdictional aspects by a preponderance of the evidence. *Meridian Sec.*

*Ins. Co. v. Sadowski*, 441 F.3d 536, 542 (7th Cir. 2006).

In the instant action, Espinoza indicates in his complaint that his proposed class consists of individuals who purchased, not for resale, Defendants' cigarettes from 1996 to the date of judgment. (Compl. Par. 11). Espinoza excludes certain individuals from his proposed class, but he indicates that the proposed class members "number in the hundreds of thousands. . . ." (Compl. Par. 11). Thus, under Espinoza's own estimation, the proposed class will contain at least 200,000 members. Espinoza contends that he purchased four to five packs of cigarettes per week since 1996, which would total approximately 2,500 packs of cigarettes. Assuming a cigarette pack could be purchased for one dollar, if Espinoza's purchase was typical of the average proposed class member the amount in controversy would be around $500,000,0000. This estimate is also actually lower than it should be since the Defendants have provided reliable evidence that shows that a pack of cigarettes has been significantly more than $1 per pack since 1996. Espinoza complains that Defendants' evidence is hearsay, but even if the objection had merit, Espinoza has not shown that the underlying data, which is drawn from United States government statistics, is unreliable. Neither has Espinoza produced any of his own evidence to challenge Defendants' position concerning the price of a pack of cigarettes. Even if we were to calculate the total amount using prices that are half of those quoted in Defendants' materials, the amount in controversy is still met in this case.

In order to defeat Espinoza's motion to remand, Defendants are not required to establish with overwhelming evidence the precise amount in controversy. Rather,

Defendants need only prove their position by the preponderance of the evidence and they have done so. Based upon Espinoza's own class allegations, which include an expansive proposed class and an extended period of cigarette purchases, the purchase price incident to each purchase makes it clear that Defendants have met their burden in showing the amount in controversy is met. Even when applying conservative estimates to the facts alleged in the complaint, the amount in controversy in this case far exceeds the $5,000,000 threshold for CAFA. Therefore, we deny the motion to remand.

## CONCLUSION

Based on the foregoing analysis, we deny the motion to remand.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 26, 2007